**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSEPH A. ISNARDI, JR.,

    Defendant-Appellant.

No. 97-5041
(D.C. No. 96-CR-116-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, defendant's request for oral argument is denied, and the case is ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Joseph Isnardi appeals his sentence of thirty months' imprisonment, three years' supervised release, and $50,000 in restitution, imposed after his plea of guilty to one count of wire fraud in violation of 18 U.S.C. § 1343.  In August 1990, defendant and his wife were approached by the family of his wife's aged aunt, Dona Cummings, and were asked to oversee Ms. Cummings' financial affairs because of her declining ability to do so.  The Isnardis agreed.  Ms. Cummings died on January 8, 1992.  On April 30, 1992, the Isnardis transferred $125,000 from an account held jointly by Ms. Cummings and defendant, to an account the Isnardis had opened the day before in Naples, Florida.  That wire transfer of funds was the basis for the one count of wire fraud to which defendant pled guilty.  He admits that the transfer was made for his own use and with the intent to defraud Ms. Cummings' legal heirs.

Defendant was sentenced according to the United States Sentencing Guidelines (U.S.S.G. or "guidelines").  The district court enhanced defendant's base offense level because:  the total loss caused by defendant's criminal conduct was more that $500,000, see U.S.S.G. § 2F1.1(b)(1)(K); defendant's conduct in disassembling Ms. Cummings' estate involved repeated acts over a significant period of time, involving more than minimal planning, see id. § 2B1.1(b)(4)(A); Ms. Cummings was a vulnerable victim, see id. § 3A1.1; and defendant abused a position of private trust in a manner that significantly facilitated the commission

-2-

and concealment of the offense, <u>see</u> <u>id.</u> § 3B1.3. The district court's sentence calculation was pursuant to factual findings and guideline application in the presentence report, which the sentencing court adopted. The amount of loss in the presentence report was determined by taking "relevant conduct" into consideration. In addition to the $125,000 defendant transferred to his account in Florida on April 20, 1992, he also made four other wire transfers from the Bank of Oklahoma account held jointly with Ms. Cummings to his Florida account, for a total of $249,150. The Isnardis also collected $24,000 in death benefits after Ms. Cummings' death. Finally, the presentence report states that on twenty-two occasions between November 20, 1990, and January 8, 1992, the Isnardis issued checks totaling $265,891.25, drawing on Ms. Cummings' funds for their personal use.

Defendant objected to the presentence report in several respects.[1] He disputed that he misappropriated $265,891.25 for his personal use while Ms. Cummings was still alive. Tied in to that objection, he objected to the enhancement for a vulnerable victim. He asserted that because he did nothing but disburse the funds for legitimate expenses during her lifetime, Ms. Cummings was

---

[1]    We are somewhat baffled by the government's contention that defendant did not object to any facts in the presentence report. It is very clear from defendant's written objections to the presentence report, as well as defense counsel's comments during the sentencing hearing, that defendant disputes several facts contained in the report.

not the victim of his crime, and the true victim, the devisee other than himself under Ms. Cummings' will, was not vulnerable. He argued that only the conduct tied to the actual offense to which he pled should be considered in the loss calculation, and, since he was entitled to one-half of that under Ms. Cummings will, only half of the $125,000 should be considered.

At sentencing, the district court not only adopted specific portions of the presentence report as its own findings, but it also answered each of defendant's objections in detail on the record, thus verbalizing its own findings. See United States v. Farnsworth, 92 F.3d 1001, 1011 (10th Cir.) (holding that a district court does not satisfy its obligation regarding controverted matters in the presentence report by simply adopting the report as its findings) cert. denied, 117 S. Ct. 596 (1996). The district court found that, in addition to the loss associated with the charged offense, there was loss from other relevant conduct that should be considered in the calculation of defendant's sentence.[2] See U.S.S.G. § 1B1.3(a)(2); United States v. Pappert, 112 F.3d 1073, 1078 (10th Cir. 1997) ("Calculation of loss is determined for sentencing with reference to USSG § 1B1.3, and may include all relevant conduct by the defendant creating loss.").

_____

[2] When defendant entered his guilty plea, the court advised him that, in determining his sentence under guidelines, not only would the amount of the alleged fraud referenced in the information charge be used, but any amount resulting from relevant conduct would also be taken into account. R. Vol. III at 15.

To that end, the court found that defendant's actions constituted a common scheme or plan. See id. at Commentary 9.

With regard to specific objections, the court found the following. The probation office had answered defendant's objection to the alleged misappropriation of funds during Ms. Cummings lifetime by producing a summary detailing twenty-two checks totaling $265,891.25, that were clearly not for the care or welfare of Ms. Cummings, but for defendant's personal use. The court relied on that documented summary of canceled checks in finding that defendant expended $265,891.25 for his personal use while Ms. Cummings was still alive. Consequently, the court also found that Ms. Cummings was, herself, a victim of defendant's wrongdoings and that plaintiff knew of Ms. Cummings' vulnerability because of her age and deteriorating mental and physical condition. See id. at § 3A1.1(b). The court, therefore, overruled defendant's objection to the vulnerable victim enhancement.

Further, the court found that collection of the death benefits and all the wire transfers to defendant's Florida account were conduct related to the offense and, thus, the loss associated with those activities was appropriately considered in the total loss calculation. The court also made specific findings that defendant was placed in a position of private trust and that he abused that position, and that defendant engaged in more than minimal planning because of his repeated acts

over a significant period of time. Finally, the district court found that there was no legal basis for defendant's position that the total loss should be reduced by one-half because, under Ms. Cummings' will, he was entitled to one-half of her estate. The court found that, before Ms. Cummings' death, defendant had no authority to use the money for anything other than her care and welfare, and after her death, he had no authority to use assets of the estate until the legal heirs were determined by the probate court.

We review the sentencing court's application of the guidelines de novo. See Farnsworth, 92 F.3d at 1007.

> [W]e review a district court's determination of a U.S.S.G. § 2F1.1 loss under the clearly erroneous standard, but the factors a district court properly may consider are reviewed de novo. The relevance of conduct for which [defendant] was not charged . . . is a question of law which we review de novo. Whether [defendant] actually engaged in such conduct is a question of fact, reviewed under the clearly erroneous standard.

United States v. Yarnell, 129 F.3d 1127, 1136 (10th Cir. 1997) (quotations and citations omitted). We give due deference to the district court's application of the guidelines to the facts. See Farnsworth, 92 F.3d at 1009.

There is no clear error in the district court's factual findings. Based on the facts, the district court was correct in its application of the guidelines. We, therefore, AFFIRM defendant's sentence.

Entered for the Court


John C. Porfilio
Circuit Judge